## State v. Peters
*[Cite as 4 AOA 29]*

*Case No. C-890369*
*Hamilton County (1st)*
*Decided June 20, 1990*

Arthur M. Ney, Jr., Prosecuting Attorney, and Ron W. Springman, Jr., Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee.

Ferd H. Kleinhaus, Jr., Esq., 602 Main Street, Suite 1004, Cincinnati, Ohio 45202, For Defendant-Appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignment of error and the briefs of counsel, oral argument having been waived by agreement of counsel.

The defendant-appellant, Richard Peters, has taken the instant appeal from the judgment of the court below convicting him of rape in violation of R.C. 2907.02. For the reasons which follow, the judgment of the trial court is affirmed.

On January 10, 1989, the defendant drove to Taylor High School to pick up his fourteen-year-old stepdaugther (the "victim"). The defendant suggested that he give the girl a driving lesson. The victim agreed, and the two drove around for several hours with each of them taking turns driving the vehicle.

At some point in time, the two stopped on a secluded road and engaged in a brief conversation. The victim then crawled into the back seat of the vehicle and went to sleep. The victim testified that she was awakened by the defendant, who had moved into the back seat with her. She stated that the defendant's trousers were pulled down; that he produced a knife and held it to her throat; and that he forced her to submit to sexual intercourse. Afterwards, the defendant moved to the front seat and the victim fell back to sleep. The next morning, the defendant indicated to the victim that the vehicle was out of gas and instructed her to stand out on the road and flag down a motorist. Dr Steven Hubbard stopped and the victim got into his vehicle. The two returned a short time later with the gasoline. Upon returning home, the victim did not immediately relate to her mother the events which had transpired the prior evening. However, several days later, after the defendant was arrested on an unrelated domestic-violence charge, the victim advised her mother that the defendant had raped her.

An investigation into the matter resulted in the defendant being charged in an indictment with one count of rape in violation of R.C. 2907.02. A trial was held without the intervention of a jury, after which the defendant was found guilty as charged. He was sentenced as appears of record.

In his sole assignment of error, the defendant alleges that his conviction was not supported by the manifest weight of the evidence. Although the defendant concedes that he did have sexual intercourse with the victim, he argues that the act was consensual and was not accomplished by force. This assignment is overruled.

"The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass* (1967), 10 Ohio St. 2d 230, 227 N.E.2d 212, paragraph one of the syllabus.

In reviewing a claim that the judgment in a criminal case was against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Martin* (1983), 20 Ohio App. 3d 172, 485 N.E.2d 717.

In the instant case, the trial judge heard testimony by the victim that the defendant held a knife to her throat; that he instructed her to cooperate; that he put a lubricant on her vagina; and that he engaged in sexual intercourse with her. A search of the vehicle by police resulted in the discovery of the knife. We conclude, on the state of the record presented to us for review, that the trial judge did not lose his way and create such a manifest miscarriage of justice that the defendant's conviction must be reversed.

*Judgment affirmed.*

UTZ, P.J., SHANNON and HILDEBRANDT, JJ.